NEW ENGLAND TANK INDUSTRIES OF NEW HAMPSHIRE, INC., Petitioner, Appellant,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent, Appellee.

No. 7278.

United States Court of Appeals First Circuit.

Heard May 5, 1969.

Decided July 1, 1969.

Daniel G. Holland, Boston, Mass., with whom Ryan & Holland, Boston, Mass., was on brief, for petitioner.

Louis M. Kauder, Washington, D. C., Attorney, with whom Johnnie M. Walters, Asst. Atty. Gen., Lee A. Jackson and Chester C. Davenport, Attorneys, Department of Justice, were on brief, for respondent.

Before ALDRICH, Chief Judge, McENTEE and COFFIN, Circuit Judges.

PER CURIAM.

Notwithstanding the substantial briefs filed by appellant, we are of the opinion that all the issues raised here were adequately and correctly dealt with and resolved by the Tax Court. New England Tank Industries of New Hampshire, Inc., 50 T.C. 771 (1968). We therefore affirm on its opinion, noting only the following non-critical difference in emphasis.

Our comment relates to the question whether a substantial payment by a government agency to taxpayer in the first year of a five-year contract for the construction and use of oil storage facilities and furnishing of services was correctly treated by the Commissioner as income or whether taxpayer correctly treated it as an advance receipt, taxable only in future years when earned. The Tax Court, relying on Schlude v. Commissioner of Internal Revenue, 372 U.S. 128, 83 S.Ct. 601, 9 L.Ed.2d 633 (1963), took the position that "deferral of income arising from payments actually received can be predicated only on specific statutory authorization * * *", here lacking. New England Tank Industries of New Hampshire, Inc., supra, 50 T.C. at 778.

We are not sure that Schlude and American Automobile Ass'n v. United States, 367 U.S. 687, 81 S.Ct. 1727, 6 L.Ed.2d 1109 (1961), proscribed detailed inquiry into the accuracy of the reflection of income by deferral techniques in specific cases. Artnell Co. v. Commissioner of Internal Revenue, 400 F.2d 981 (7th Cir. 1968); but cf. Poole, The Taxation of Prepaid Sales of Goods, 24 Tax L.Rev. 375, 400.

In any event, the Tax Court did not rest its conclusion on this issue solely on its interpretation of Schlude. It took note of the fact that the extent that the advance payments "were for the use of facilities and therefore in the nature of rent, they were clearly includable in gross income in the year received. United States v. Williams, [395 F.2d 508 (5th Cir. 1968)]." New England Tank Industries of New Hampshire, Inc., supra, 50 T.C. at 778. Appellant, conceding the rule that advance rentals are taxable in the year of receipt, Treas.Reg. § 1.61–8(a), (b), seeks to avoid its application by pointing out that not only was it required by its contract to provide facilities (buried tanks, pipelines, and docks), but also services (storing and handling petroleum, maintaining a security system). But the taxpayer, which has the burden, has not provided a basis for segregating clearly taxable from possible nontaxable receipts. Cf. Hagen Advertising Displays, Inc. v. Commissioner of Internal Revenue, 407 F.2d 1105, 1110 (6th Cir. 1969).

Affirmed.